

RECEIVED
IN LAKE CHARLES, LA

OCT 27 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SUZANNE EMMICK WHITE,** <br> **Plaintiff,** | *   **CIVIL ACTION NO. 2:16-CV-00057** <br> * <br> * |
| **v.** | *   **JUDGE MINALDI** <br> * |
| **CIRCLE K STORES, INC., ET AL,** <br> **Defendant.** | * <br> *   **MAGISTRATE JUDGE KAY** <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 12) filed by the

defendant Circle K Stores, Inc. (Circle K), a Response (Rec. Doc. 14)[1] by the plaintiff Suzanne

Emmick White, and a Reply (Rec. Doc. 16) by Circle K. For the following reasons, the court will

**GRANT** the defendant's Motion for Summary Judgment (Rec. Doc. 12) and this action will be

**DISMISSED WITH PREJUDICE** with the plaintiff bearing all costs.

## FACTS & PROCEDURAL HISTORY

On December 4, 2014, the plaintiff allegedly tripped and fell in a Circle K Store,

sustaining injuries. She filed suit against Circle K[2] a year later in state court, and Circle K

removed the action to this court. On November 1, 2011, prior to filing this personal injury suit,

the plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the

Western District of Louisiana.[3] A bankruptcy plan was approved by the court in 2012,[4] and the

bankruptcy proceeding is still pending. The plaintiff did not disclose the current action against

---

[1] The plaintiff's response to Motion for Summary Judgment was deficient (Rec. Doc. 16). However, the court will consider it in determining the motion.

[2] The plaintiff also sued Jessica Coffey, the Circle K manager, but Jessica Coffey has not been served or made any type of appearance.

[3] *In re: Martin and Suzanne White*, Case No. 11-21112 (Bankr. W.D. La.).

[4] *In re: Martin and Suzanne White*, Case No. 11-21112 (Bankr. W.D. La.), Amended Chapter 13 Plan (Rec. Doc. 22), Order Confirming Chapter 13 Plan (Rec. Doc. 27).

Circle K in her bankruptcy proceeding.[5] Because the plaintiff did not disclose the personal injury

action, Circle K moved for summary judgment (Rec. Doc. 12), arguing that the plaintiff is

judicially estopped from bringing her claim.

## LAW & ANALYSIS

### I.    Summary Judgment Standard

A grant of summary judgment is appropriate when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute is genuine "only if a reasonable jury could return a verdict

for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

When ruling on a motion for summary judgment, the district court draws all reasonable

inferences in favor of the nonmoving party. *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

Additionally, "[t]he court will not weigh the evidence or evaluate the credibility of witnesses."

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### II.    Judicial Estoppel

Circle K argues that judgment should be rendered as a matter of law because the plaintiff

is judicially estopped from bringing her claim. The defendant argues that because the plaintiff

did not disclose her pending personal injury claim to the bankruptcy court, she cannot  recover

from that claim. "Because the rule is intended to prevent improper use of judicial machinery,

judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v.*

*Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks and citation omitted). When related

to a bankruptcy proceeding, "judicial estoppel must be applied in such a way as to deter

dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the

---

[5] *See In re: Martin and Suzanne White*, Case No. 11-21112 (Bankr. W.D. La.); Response (Rec. Doc. 14).

integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011).

To determine whether it should invoke judicial estoppel to protect the integrity of the bankruptcy system, the district court should consider whether: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.*

> It is "well settled" that "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir.2013) (citing *Browning Mfg. v. Mims (In re Coastal Plains), Inc.*, 179 F.3d 197, 207–08 (5th Cir.1999)). ... A debtor's silence "impliedly represent[s] that she ha[s] no such claim." *In re Flugence*, 738 F.3d at 130 (citing *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir.2004)). And, to later raise the claim in a separate proceeding is "plainly inconsistent" with the implied representation in bankruptcy court. In re Flugence, 738 F.3d at 130.

*U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 272 n.4 (5th Cir. 2015).

As for the third consideration, "if a debtor's failing to disclose was inadvertent, judicial estoppel is inappropriate; but inadvertence exists 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Id.* (quoting *In re Coastal Plains*, 179 F.3d at 210). "To show inadvertence through lack of knowledge, a debtor 'must show... she was unaware of the facts giving rise to [her claims].'" *Id.* (quoting *Jethroe*, 412 F.3d at 601). Simply being unaware that she had a duty to disclose the claims is not enough. *Id.* If a debtor could financially benefit from concealing the claim from the bankruptcy court, the motivation to conceal the claim is "self-evident." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012).

Applying these three considerations to this case, the court finds that the plaintiff is judicially estopped from bringing her claim. First, the plaintiff has asserted a legal position in this action that is inconsistent with the legal position asserted in the pending bankruptcy proceeding. In the bankruptcy proceeding, the plaintiff had a continuing duty to disclose causes of actions and her silence "impliedly represents that she has no such claim." *GSDMIdea City*, 798 F.3d at 272 n.4 (internal citations and quotations omitted). Therefore, her assertion that she has a personal injury cause of action is inconsistent with her position in the bankruptcy proceeding. Second, the bankruptcy court has accepted her position as it is currently administering her repayment plan. While the plan was determined before the underlying facts of this action occurred, the plaintiff still had a continuing obligation to disclose the personal injury claim, and the bankruptcy court could have adjusted the plan based on it.

Finally, the plaintiff's failure to disclose the pending cause of action was not inadvertent because she knew about the underlying facts while her bankruptcy proceeding was pending and she stood to financially benefit by not disclosing her personal injury cause of action. The plaintiff knew the underlying facts for her personal injury claim in December 2014, during which time her bankruptcy proceeding was pending. *See id.* at 272-73 (finding that the plaintiff's failure to disclose was not inadvertent when the plaintiff became aware of the facts underlying a claim two years after filing for bankruptcy). Furthermore, the plaintiff stood to benefit by not disclosing her personal injury claim because her repayment plan includes making payments with low or no interest over five years and making no payments on $28,000 worth of unsecured debt.[6] *See id.* at 273 (finding that the plaintiff had motivation to conceal a claim when he was not required to pay interest on his debts, was given an extended period of time to repay the debts, and had unsecured

---

[6] *In re: Martin and Suzanne White*, Case No. 11-21112 (Bankr. W.D. La.), Amended Chapter 13 Plan (Rec. Doc. 22), Order Confirming Chapter 13 Plan (Rec. Doc. 27).

debts discharged).  If the plaintiff had disclosed the pending lawsuit, her creditors could have moved to modify the repayment plan, and the bankruptcy court could have required the plaintiff to pay a higher interest rate, repay the debt over a shorter period of time, and/or make payments on her unsecured debt.

The plaintiff argues that her creditors will not be harmed by her failure to disclose because after Circle K moved for summary judgment, she "amended her schedule B listing the ongoing personal injury suit and also amended her Chapter 13 plan pledging half of the net proceeds to her case."[7] However, nothing has been filed in the plaintiff's bankruptcy proceedings since September 7, 2014. Further, even if the plaintiff had done what she said, the court would still apply judicial estoppel because allowing her to "amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if [she] is caught concealing them." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (citation omitted).

## CONCLUSION

Accordingly, the court finds that there are no questions of material fact and the plaintiff's claims are judicially estopped. The court will **GRANT** the defendant's Motion for Summary Judgment (Rec. Doc. 12) and this action will be **DISMISSED WITH PREJUDICE,** and the plaintiff will bear all costs in accordance to Federal Rule of Civil Procedure 54(d)(1).

Lake Charles, Louisiana, this 2(d day of _____Oct._____, 2016.

_____

PATRICIA MINALDI

UNITED STATES DISTRICT JUDGE

---

[7] Response (Rec. Doc. 14), p. 1.